## MARTIN v. UNITED STANDARD OIL-FUND OF AMERICA, Inc., et al.

District Court, S. D. New York.

Sept. 8, 1939.

Appel & Tannenbaum, of New York City, for plaintiff.

Garey & Garey, of New York City, for defendants United Standard Oilfund of America, Inc., George R. Grantham and Edward E. Embree.

Conboy, Hewitt, O'Brien & Boardman, of New York City, for defendant Charles Russell Kenyon.

Philip Dunn, of New York City, for Samuel Falk, receiver, intervening defendant.

James Maxwell Fassett, of New York City, for B. Douglas Thomas, intervening plaintiff.

Sobel & Brand, of New York City, for defendant Lucian A. Eddy.

Sidney Green, of New York City, for Sobel & Brand, a creditor, and for Henry Uselaner, a stockholder, etc.

Laurence H. Axman, of New York City, for defendant Harry S. Thayer.

MANDELBAUM, District Judge.

This motion is brought on by the plaintiff's attorneys for two-fold relief. First, for an order terminating the action, and second, to fix the compensation of said attorneys for services rendered by them, together with disbursements.

This is a representative stockholders' suit for an accounting by the officers and directors of United Standard Oilfund of America, Inc., of their acts and conduct by which virtually all the assets of the corporation were misappropriated and diverted, resulting in a loss to the stockholders of substantially their entire investment.

A settlement of the action was arranged for the sum of $95,000. This settlement was approved by an order of this court after due notice to all stockholders of the corporation. The settlement was consummated in part and $25,000 was deposited with the clerk of this court. There is a default judgment entered in this court against the estate of Donald P. Kenyon, for the sum

of $97,825, dated May 11th, 1937, credit being given for the $25,000 heretofore deposited.

The moving parties have submitted affidavits supporting their position regarding the financial irresponsibility of the named defendants. All parties who have appeared on the oral argument of this motion have raised no dissenting voice with respect to the plaintiff's application to terminate the action except the attorney for one stockholder who has expressed some doubt as to whether the time has come to terminate the action as to some of the defendants. However, he has offered no proof by affidavit or otherwise that would controvert the plaintiff's attorneys on this phase of the motion. He has stated to the court that he does not believe that he can produce such proof.

■ After carefully examining all the papers submitted, the court is of the belief that there is no reasonable probability of enforcing any judgment that may be obtained against the defendants. Investigation shows them to be saddled with other judgments which have proven uncollectible and that they are hopelessly insolvent. In addition thereto, most of the defendants have been indicted in this court for the commission of a federal offense and have either pleaded guilty or are awaiting trial. The court feels that no useful purpose will be served in prolonging this proceeding any further. The application to terminate the action is granted.

■ The second portion of this motion deals with the request for compensation by the plaintiff's attorneys for their services rendered. The sum of $25,000 on deposit with the clerk of this court has been reduced to $21,811.16, pursuant to payments directed by this court. The court has examined the itemized application of the attorneys for compensation, and is of the opinion that in view of all the surrounding circumstances, the objections interposed as well as the relatively small proportion of the amount of the settlement that has been collected, a fair and equitable fee is the sum of three thousand five hundred ($3,500) dollars. Disbursements are allowed in the sum of three hundred ($300) dollars. The balance of the moneys, less the lawful charges of this court, will be disposed of in accordance with the provisions of the order of Judge Robert P. Patterson, dated June 10, 1938.

Settle order on 2 days' notice.