Jane PERLMAN et al., Plaintiffs,

v.

C. Russell FELDMANN et al.,
Defendants.

Civ. A. No. 3086.

United States District Court
D. Connecticut,
Civil Division.

March 5, 1958.

See also 154 F.Supp. 436.

Pomerantz, Levy & Haudek, New York City, Saltman, Weiss & Connors, Bridgeport, Conn., Proskauer, Rose, Goetz & Mendelsohn, New York City, Marsh, Day & Calhoun, Bridgeport, Conn., Manning, Hollinger & Shea, New York City, for plaintiffs.

Sullivan & Cromwell, New York City, Cummings & Lockwood, Curtis, Brinckerhoff & Barrett, Stamford, Conn., for defendants.

ANDERSON, District Judge.

█ The Court finds that a reasonable and proper allowance, under the circumstances of this case, for attorneys' fees for the attorneys appearing for the plaintiffs and those whom they represent is $450,000. There is also allowed, in addition, the reasonable expenses incurred by counsel in the total sum of $38,329.73.

█ The litigation in this case has covered a span of seven years in which were held two lengthy trials and an appeal, besides pre-trial sessions and hearings on a number of motions. Involved for the attorneys have been approximately 14,000 hours of work. Great weight is given to the contingent nature of fees with its accompanying risk that the stupendous labor and the substantial overhead and expense might go for naught; and in this connection there is noted the minimum fee standards of the Bar Associations of Connecticut which provide for contingent fees of 25% to

50% of the amount recovered depending upon the amount of work expended and the stage of the proceedings at which recovery is achieved. Consideration is given to the prevailing hourly rates of pay for attorneys of different degrees of skill, experience and standing both in Connecticut and New York during the years of the pendency of the case; the amount of the recovery; the industry, perseverance and skill of individual attorneys and their experience and eminence in this field of the law; the great benefit to the clients which otherwise would not have accrued to them; the intricacy and complexity of the issues; the outstanding determination, resourcefulness and skill of the opposition and the novelty of the concept of the application of the rules of law to the facts of the case, which has made it a landmark in its field. There has been a balancing, on the one hand, of the inducement to competent counsel to accept and prosecute such cases, which tend to insure a higher standard of conduct by holders of majority or control blocks of stock toward those to whom they stand in a fiduciary relationship, against any encouragement of strike suits on the other hand. The division of the over-all fee among various attorneys is based upon considerations of time devoted to the case both inside and outside of court by the respective counsel; the relative responsibilities resting upon general counsel and other counsel in the case; the quality and effectiveness of the contributions of each; the taking of and conduct of the appeal and the vital significance of the result there achieved —all of which with other claims were detailed exhaustively in the affidavits and briefs filed by interested counsel and were weighed by the Court.

A just and fair division of the total allowance to counsel concerned and of expenses to be reimbursed is as follows:

| Attorneys | Fees | Expenses |
|---|---|---|
| Pomerantz, Levy & Haudek and Associates | $274,000 | $30,714.61 |
| Proskauer, Rose, Goetz & Mendelsohn and Associaates | $173,000 | $ 6,829.12 |
| Sidney L. Garwin and Associate | $ 1,800 | $ 486.00 |
| Nemeror & Shapiro and Associate | $ 1,200 | $ 300.00 |
| Total | $450,000 | $38,329.73 |

After payment of the above listed fees and expenses, the remainder of the amount recovered by the plaintiffs in the settlement of the case ($1,150,000) will be divided among and distributed to the plaintiffs and those whom they represent in proportion to the shares held by each, whether such shares are represented by certificates of stock or non-negotiable receipts of Newcorp, Inc. The words "those whom they represent" are construed to mean and are found to be the holders of shares (exclusive of the Wilport shares) of Newcorp, Inc., either in certificates of stock or non-negotiable receipts, as listed on the books of the Company as of the close of business on September 30, 1957. Lists of stock certificate and non-negotiable receipt holders as of that time were filed in this Court on November 14, 1957 and were made a part of the record of this case.

Judgment may enter granting the allowances for attorneys' fees and expenses above set forth and ordering distribution in accordance with the terms of

**312**

this memorandum, the Clerk having reserved from the amount for distribution sufficient to cover his expenses for disbursement and mailing; however, no portion of the settlement fund of $1,150,-000 will be disbursed or distributed by the Clerk of this Court for any purpose until the time to appeal from the judgment herein directed to be entered shall have expired without an appeal having been taken, or if an appeal be taken, until the same shall have been finally disposed of, subject to such order or direction as may be contained in the judgment of the Appellate Court which, on the appeal of this case, finally reviews the judgment of this Court.