HENLOPEN HOTEL CORPORATION, a Delaware corporation, also known as Hotel Henlopen, Inc., Plaintiff,

v.

AETNA INSURANCE COMPANY, a Connecticut corporation, et al., Defendants.

HENLOPEN HOTEL CORPORATION, a Delaware corporation, also known as Hotel Henlopen, Inc., and Lake Gerar Hotel Corporation, a Delaware corporation, Plaintiffs,

v.

AMERICAN INSURANCE COMPANY, a New Jersey corporation, and Agricultural Insurance Company, a New York corporation, Defendants.

Eugene H. FINN and Florence I. Finn, his wife, Plaintiffs,

v.

FIREMAN'S FUND INSURANCE COMPANY, a California corporation, Defendant.

Maurice STEIN, trading as Stuart Kingston Company, Plaintiff,

v.

BOSTON INSURANCE COMPANY, Reliance Insurance Company, Insurance Company of North America, Home Insurance Company of New York, Defendants.

Garnett D. HORNER and Leota S. Horner, his wife, Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts corporation, Defendant.

Civ. A. Nos. 2503, 2529, 2568, 2597–2599, 2493.

United States District Court
D. Delaware.

Feb. 24, 1966.

See also D.C., 236 F.Supp. 416.

Nos. 2503, 2529:

Samuel R. Russell, of Bayard, Brill, Russell & Handelman, Wilmington, Del., for plaintiffs.

William Prickett, of Prickett & Prickett, Wilmington, Del., for defendants.

Nos. 2568, 2597–2599, 2493:

Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, Del., for plaintiffs.

William Prickett, of Prickett & Prickett, Wilmington, Del., for defendants.

LAYTON, District Judge.

In March 1962, a northeast storm of almost unprecedented proportions created tremendous damage to buildings and other structures along the Atlantic Coast including Delaware. A large number of suits were instituted in this Court against insurance companies for the recovery of losses under policies which, in general, permitted recovery for damages caused solely by wind but not by ocean water or wind and water acting simultaneously and in concert.

A number of the cases have been tried and verdicts were returned against the insurance companies in some cases, with the result that several applications were made to this Court for the award of attorneys' fees under Title 18, Sec. 1105 Del. Code, which reads:

> "The court upon rendering judgment against any insurance company upon any policy of insurance to which sections 1102 or 1103 of this title apply shall allow the plaintiff a reasonable sum as attorney's fee to be taxed as part of the costs."

Objections to the taxing of such attorneys' fees were made and overruled by

this Court in Henlopen Hotel Corporation v. Aetna Insurance Company, 38 F.R.D. 155 (1965) where it was said, inter alia:

"Statutes such as Section 1105 seem to have been provoked by the wilful and obstructive tactics of some insurance companies in earlier times in refusing to pay losses in order to take advantage of an insured's need for money. As a result, many state legislatures passed statutes permitting the insured to recover attorneys' fees as a penalty for insurer's delay. Generally, see Appleman, Insurance Law and Practice, Vol. 6, Sec. 4031 et seq. * * *"

Before undertaking any detailed analysis of the services rendered by various plaintiffs' attorneys on this case, it is desirable to examine the law bearing generally on the question of the allowance of attorneys' fees.

In a Receivership case, Chancellor Wolcott in R. H. McWilliams, Jr., Co., Inc. v. Missouri-Kansas Pipeline Co., 21 Del. Ch. 308, 190 A. 569, 576 (1936) took occasion to remark:

" * * * While the court owes to the lawyers who assist it in the administration of an insolvent estate the duty of compensation, yet a reciprocal duty is owed by them to the court not to ask of it to be compensated on a scale that would bring the court as a dispenser of justice into disrepute and supply plausible grounds for the belief on the part of the public that, out of a spirit of camaraderie existing between the bench and the bar, the law, when opportunity affords, is to be employed as an instrument to enrich its votaries at the expense of the unfortunates whom adversity had placed at its mercy." [1]

■ A number of cases have cautioned that a contingent fee should not be used as a guide to establish what is a reasonable fee. The reasons are obvious. A contingent fee should be substantially higher because of the possibility that, despite the expenditure of great time and effort, counsel may recover nothing. Soper v. Bilder, 87 N.J.Eq. 564, 100 A. 858 (1917); Perlman v. Feldmann, 160 F. Supp. 310 (D.C.Conn.1958); 3 Appleman, Sec. 1646. And in a proceeding somewhat similar to this where a fee was sought under a statute, the Court in Merchants' Fire Ins. Co. v. MacAdams, 88 Ark. 550, 115 S.W. 175 (1908), stated:

"The statute provides that a reasonable attorney's fee for the prosecution of the suit and collection of the amount of the loss under the policy shall be taxed against the company. This means such a fee as would be reasonable for a litigant to pay his attorneys for prosecuting the case, and not a speculative or contingent fee based upon the uncertainty of the result of the litigation."

■ Also, in an allowance of fees, due regard must be had for Canon 12, Canons of Professional Ethics of the American Bar Association, which states:

"In fixing fees, lawyers should avoid charges which overestimate their advice and services, as well as those which undervalue them. A client's ability to pay cannot justify a charge in excess of the value of the service, though his poverty may require a less charge, or even none at all. The reasonable request of brother lawyers, and of their widows and orphans without ample means, should receive special and kindly consideration.

"In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the

---

1. I, of course, bear in mind that this language was used (a) in an insolvency case and (b) where some fee would, in any event, be forthcoming out of the fund. To that extent, it is inapposite but the remarks pertaining to the allowance of fees by courts to lawyers must always be borne in mind.

particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service.

"In determining the customary charges of the Bar for similar services, it is proper for a lawyer to consider a schedule of minimum fees adopted by a Bar Association, but no lawyer should permit himself to be controlled thereby or to follow it as his sole guide in determining the amount of his fee.

"In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade."

■ Obviously, no single one of the above considerations can be regarded as controlling. They must be examined and weighed against the particular circumstances involved. As said by the Delaware Superior Court in Petitions of Warrington, 7 W.W.Harr. 19, 179 A. 505:

"Due effect must be given to the word 'reasonable.' A reasonable counsel fee is such as would be proper for a litigant to pay his attorney for his services in collecting a debt, and more ought not to be imposed upon the debtor."

*    *    *    *    *    *

"It is impossible to lay down a general rule. Each case must be decided upon its facts. Generally the discretion of attorneys will save the necessity for interposition by the court; but where, in a proper case, the court is called upon to determine the reasonableness of a fee as may be provided for in an obligation, its action must be controlled by the service rendered, the necessity for that service, and the time, labor and responsibility bestowed and assumed."

■ It is proper to say that since the Statute is penal in nature, it must be construed with some strictness. Another interesting consideration is raised by the language of the section:

"The court * * * shall allow the *plaintiff* a reasonable sum as attorney's fee * * *." (Emphasis added.)

Because the award of the fee is by way of costs to the plaintiff rather than the lawyer himself, it may be argued with some reason that the award is not intended to interfere with existing fee arrangements between the attorney and his client made prior to the institution of the litigation.

■ Although subject to exceptions, it is my conclusion that a reasonable fee contemplated by Sec. 1105 should be regarded as substantially less than a contingent fee and something less than a generous fee.

With these general guide lines in mind, I will now attempt to establish a reasonable fee in the light of the facts of the pending applications. The first in point of chronology is Horner case.

### HORNER

Plaintiff, Horner, owned a fairly substantial, frame, summer home directly on the beach near Bethany Beach, Delaware. It completely disappeared on the night of March 6th, during the height of the storm. There were no eye witnesses to the actual happening. Both the wind and waves were very high. The jury's verdict, of course, had to rest upon the assumption that the destruction was due

solely to forces of the wind. The verdict was for $28,500.00,[2] nearly the full amount sought to be recovered.

The contract was for a twenty per cent contingent fee which is modest. The first case lasted some 12 days and the jury failed to agree. Before the second trial, counsel re-negotiated the arrangement to a 1/3 contingent fee which, in the light of what had gone before, seems quite modest. This trial lasted about 8 days.

The requested fee is $30,000.00. Measured by nearly any standard, this is unreasonable.

■ First, plaintiff's counsel was a young, relatively inexperienced lawyer not a member of his firm. This is said not by way of disparagement, for he was quite successful, but to point out that fees cannot be allowed for the services of younger associates on the same basis as for partners.

Secondly, the amount involved in this case compared with some of the others, was not large.

Thirdly, the requested fee actually exceeds the amount recovered by $1500.00.

Fourth, with full knowledge of the facts, counsel set a 1/3 contingent fee prior to the beginning of the second trial. In the light of the damages suffered, the maximum contingent fee could have amounted to scarcely more than $10,000.-00.[3] Yet, the amount requested exceeds the contingent fee by $20,000.00.

Despite this, there are other factors indicating that the fee should be relatively substantial.

First, regardless of counsel's inexperience, almost the full amount of recovery sought was made.

Second, although the cases caution that time expended is but one of a number of factors to be considered, 7 C.J.S. Attorney and Client § 191, p. 1082, footnote 2 and supplemental footnote, he was engaged a long time in this litigation, some 533 hours of preparation and trial.

Third, at the outset these cases presented some fairly difficult questions of law and fact, and counsel blazed the trail not only for himself but as will later appear, for others.

Fourth, the contingent fee set at the beginning of the second trial was very modest in the light of the time spent on the first trial for which there was no recovery.

■ Weighing these factors pro and con and bearing in mind the general observations as to fee allowances earlier referred to, I am of the opinion that a reasonable fee in this case should be $12,-000.00. While exceeding the 1/3 contingent arrangement between client and counsel (concededly an unusual result), it must be remembered that this agreement under the circumstances was perhaps overmodest and, moreover, counsel spent some 65 days all told in the preparation and trial of this case. Even though counsel was an associate, the overhead of a law firm, what with salaries of associates, secretaries, rent, etc., is very heavy today and the time of associates must be accounted for on a reasonably substantial basis.

## FINN

■ The Finn cottage was damaged as a result of the same storm. The verdict was for $2750.00. The requested fee is $5000.00. While not excessive on a time basis, judged by any other standards, it cannot be justified.

As in Horner, we have the age and inexperience of counsel, and the relatively small amount involved (smaller than in

---

2. Counsel say it was $35,000.00, but the difference in the two sums represents prejudgment interest and interest since judgment. Defense counsel finally conceded that prejudgment interest would follow the verdict as a matter of course and interest always runs after judgment. Superior Tube Co. v. Delaware Aircraft Industries, 60 F.Supp. 573 at 575 (D.C. Del.1945).

3. Measured strictly in terms of a contingent fee, interest should probably be considered in arriving at the total amount of recovery. 7 C.J.S. Attorney and Client § 191, p. 1082.

Horner). Moreover, the suggested fee is nearly double the amount involved and nearly 6 times higher than the contingent fee of 30% which would be $825.00. The case was neither novel nor complex. Counsel had pioneered the way in Horner. Relatively the same questions of law and fact were involved. The witnesses for both sides were substantially the same and, unlike Horner, the recovery was very low when compared with the amount involved.

Only on the basis of time expended can the requested fee be considered reasonable and, as previously observed, this is only one of a number of factors which must be considered.

Again, weighing all the factors pro and con, I am of the opinion that a reasonable fee would be $1200.00.

### HENLOPEN HOTEL

In this case, plaintiffs were the owners of a large summer hotel located directly on the beach at Rehoboth Beach, Delaware. The hotel was badly damaged during this storm. A different firm of lawyers represented plaintiffs. The trial lasted 12 days, and the verdict totaled $103,133.00. Plaintiffs' counsel have filed an application for fees under the above quoted statute in the sum of $40,-000.00, exclusive of the services of a Washington lawyer, plaintiffs' personal counsel, whose services, they suggest, were worth $10,000.00. There is no effort to recover this latter sum in the present application, however.

Keeping in mind the rough guide lines above discussed, we have a situation where the amount of recovery was $103,-000.00 [4] and the suggested worth of the legal fees $50,000.00. And while counsel may point to the amount of their applica-

tion as being $40,000.00, not $50,000.00, there remains the plain intimation that the total value of all legal services is $50,000.00. This is clearly excessive. Since the allegation as to the Washington lawyer's fees does not immediately concern this application, this Court is unable to understand why it is incorporated into counsel's affidavit.

Leaving aside this speculation, the situation requires a number of comments. Although a reasonable fee under most circumstances should represent substantially less than a contingent fee, the amount sought here is actually $1000.00 more than the ⅓ contingent fee which counsel originally agreed on would be fair. Moreover, counsel received a $2500.00 fee to be paid even in the event there was no recovery.

Another point for consideration is counsel's statement that this was a novel case presenting complicated and difficult problems. This contention is not altogether persuasive. This was the fourth storm damage case to be tried by this Court. It involved the same storm, relatively the same locality, and many common questions of law [5] and fact had been brought out in prior trials.[6] Moreover, the witnesses for the insurance companies (particularly the expert witnesses) were to a very substantial extent the same in every case so that, in advance, counsel knew the theory of the defense and what defendants' witnesses would testify to. Thus, it is clear that insofar as concerns this case, to a fairly substantial degree, the trail already had been blazed.

■ What has just been said draws into question the relatively large number of counsel for plaintiffs who participated to a greater or lesser extent in this trial.

---

4. Plaintiffs' attorneys state the amount of the recovery to be $117,000.00. This is true in a sense but the difference between the sums represents prejudgment interest which follows the judgment as a matter of course, a point conceded by defense counsel. In measuring the amount of a purely contingent fee, without relationship to a fee requested under Sec. 1105

the figure of $117,000.00 may be justified. See footnote at p. 9.

5. For instance, note the similarity between the Court's charge in C.A. 2493 (Horner) and the instant case.

6. There were more categories of recovery in this case than in the preceding cases. Damages were sought for interruption of business also.

This application is based on the work of five lawyers from trial counsels' firm, not counting the Washington lawyer elsewhere mentioned. In the preceding two cases, as has been noticed, one lawyer, not a partner in his firm, singlehandedly prepared and tried the cases which varied only in importance from this in the smaller amount involved. While, of course, the allowance should represent but a single fee for all services, Cf. R. H. McWilliams, Jr., Co., Inc. v. Missouri-Kansas Pipeline Co., 21 Del.Ch. 308, 190 A. 569 (1936), nevertheless, the number of attorneys participating should not be so many as to increase the fee beyond a reasonable amount.

A large number of lawyers opens the door to the danger of duplication of effort, and at least some duplication seems apparent here. This firm kept detailed time sheets purportedly allocating the exact date and time spent by each member or associate of the firm throughout the case. Nevertheless, in addition thereto, one partner made a 15% miscellaneous, and another a 10% miscellaneous, charge for time spent on this case. Even accepting these estimates as correct, for they were not challenged, duplication is apparent in 1962 where two members of the firm went to Rehoboth and Dover on separate occasions apparently engaged in a single task. On March 10, 11, and April 10, 1964, not one, but three members of the firm participated in the taking of the same depositions. Again, one member of this firm, who did not participate in the trial, charged for services while attending trial on portions of six trial days although two other members of the firm were present conducting the trial during these times.

There is another point. Counsel have charged for their time in preparing the motion and other work in connection with this fee application.[7] Neither Section 1105 nor the law pertaining to allowances of fees to clients generally furnish any clear guide to the question whether a reasonable fee should include the services of counsel spent in establishing his fee before a court. In my view, no such allowance should be made for such a charge under Section 1105, the purpose of which is to award plaintiff (not counsel) a reasonable fee by way of costs based on the services which his lawyer rendered in obtaining a judgment against the insurance company. This type of statute is in the nature of a penalty and should be considered with reasonable strictness. Nothing in the wording of the statute implies that counsel should be entitled to be paid for any services other than rendered by him in attempting to obtain a judgment. Certainly, if these counsel had had to bring suit in a court of law against their client for a reasonable fee on a quantum meruit basis, they could not recover an additional sum for the time and work involved in filing and prosecuting their suit. Any claim for services of this character must be rejected.

Despite what has been said, it should not be lost sight of that counsel here involved were able (one is now Associate Justice of the State Supreme Court), conscientious, well-prepared and, above all, successful. The case was an important one and the recovery substantial. Assuming a retainer by a client well able and willing to pay, and under instructions to spare no time, effort and expense, I could not say that the fee of $40,000.00 would be excessive. But the statute here demands that the fee be measured in terms of what is reasonable.

Bearing in mind that counsel's requested fee exceeds what would seem to represent even a reasonable contingent fee, that a large number of lawyers participated, giving rise to some duplication of effort, that the complete records of the trials of certainly closely allied cases were available to counsel in preparing this case, I feel that a fee of $40,000.00 is high. It is my conclusion that $25,000.00 would more nearly represent a reasonable fee under the circumstances.

7. This is apparently true in Horner, Finn and Stein also.

### STEIN

 In point of chronology, this was the last case tried. Counsel was the same as in Horner and Finn. Although the same type of insurance policy controlled in general, this case differed somewhat from the others. The damages were not to the building but to objects of art of considerable value stored in an auction house located next to the Hotel Henlopen in Rehoboth Beach. Also, damage was sought for business interruption, etc. As in Horner, the first trial ended in a hung jury. On the second trial, the plaintiff received a verdict for $74,854.00. Counsel has requested a fee of $30,000.00.

In this case, as in Horner, there was a great deal of time and effort expended, not the least of which was due to the necessity for a retrial. While as elsewhere observed, time expended is a definite point to be weighed in arriving at a fee, the cases emphasize that it is but one of a number of factors for consideration. Moreover (and this is true both in Horner and Finn), while counsel states his services to be worth $50.00 per hour in office work and $75.00 per hour in trial, defendants do not concede this and in the face of this objection, counsel has not supported this allegation by expert testimony or by an affidavit from one of his partners. The fee asked could be justified on a time basis but unless prejudgment interest is added to the judgment, would exceed even a ⅓ contingent fee.

On the other hand, by this time counsel had attained considerable experience in this type of trial and while it concerned the same storm and many of the same events and points of law, nevertheless, the nature of the case did differ from the others, requiring a somewhat different approach, different facts, and consideration of several new legal questions. Unlike Horner and Finn, the amounts involved were quite substantial and there was a large recovery.

Weighing all the factors, I am of the opinion that a fee of $18,500.00 is proper and reasonable.

It may be said in conclusion that any attempt to reconcile consistently the numerous variable factors involved in these applications is impossible. Generally speaking, the large amounts of time expended on these cases would justify the requested allowances but, at the risk of repetition, time is but a single factor of many to be considered. The allowances may seem low to counsel but they were made deliberately in the light of the earlier conclusion that a reasonable fee under Sec. 1105 should be substantially less than a contingent fee and "something less than a generous fee." In the final analysis, these awards are not for fees in the ordinary sense. They are allowed to the plaintiff as costs. In all probability they cannot be regarded as replacing arrangements as to fees existing between attorney and client prior to trial, with the result that, for all I know, in some instances where a contingent fee existed, counsel may insist on the client fulfilling his original obligation.

Orders will be entered fixing the fees here allowed as part of costs to the plaintiffs.