Arthur **NEWMAN** et al., Plaintiffs,

v.

Howard M. **STEIN** et al., Defendants.

No. 68 Civ. 1398.

United States District Court,
S. D. New York.

Feb. 23, 1973.

See also, 2 Cir., 464 F.2d 689.

Pomerantz, Levy, Haudek & Block, New York City (Abraham L. Pomerantz,

Daniel Krasner, Morey Silverman, New York City, of counsel) ; Milberg & Weiss, New York City (Lawrence Milberg, New York City, of counsel) ; Charles Trynin, New York City, for plaintiffs.

Covington & Burling, Washington, D. C., for defendant The Dreyfus Fund Inc. (W. Crosby Roper, Jr., Washington, D. C., of counsel).

Bachner, Tally & Mantell, New York City, for defendant Lester R. Bachner (Charles B. Salfeld, New York City, of counsel).

Robert B. Levin and Bernard J. Coven, P. C., New York City, for objector Rose Lerman.

## OPINION

ROBERT J. WARD, District Judge.

These are applications for attorneys' fees by counsel for plaintiffs and for objector, Rose Lerman, in a shareholders' derivative action settled, with the approval of the Court (McLean, J.), on December 29, 1971, after trial but before a decision had been rendered. CCH Fed. Sec.L.Rep. [1971–72 Transfer Binder] ¶93,316 (S.D.N.Y. Dec. 29, 1971). For the reasons hereinafter stated, the application of plaintiffs' attorneys is granted in the amount of $750,000 and the application of objector Lerman's attorneys is denied.

The plaintiffs alleged that the sale of the controlling interest in The Dreyfus Corporation, the investment advisor to the Dreyfus Fund Incorporated, ("the Fund") on whose behalf the suit was brought, was a sale of fiduciary office and that the proxy statement sent to shareholders of the Fund was false and misleading. For present purposes it is unnecessary to relate the facts and events leading to the settlement. These are set forth more fully in the opinion of the late Judge McLean, approving the settlement, CCH Fed.Sec.L.Rep. [1971–72 Transfer Binder] ¶93,316 (S.D.N.Y. Dec. 29, 1971). The order entered on the stipulation of settlement reserved jurisdiction in the District Court for the purpose of considering applications of counsel for allowances of fees and disbursements incurred in this action, such allowances to be paid by the Fund.

Messrs. Pomerantz, Levy, Haudek & Block ("Pomerantz"), attorneys for plaintiff Arthur Newman and court-appointed general counsel for all plaintiffs, have filed a joint application on their own behalf and on behalf of Milberg & Weiss and Charles Trynin, attorneys for other plaintiffs, for an award of legal fees and disbursements in the amount of $1,250,000.

The Court recognizes that Pomerantz's efforts have produced a substantial benefit to the Fund and that plaintiffs' attorneys deserve generous compensation. Angoff v. Goldfine, 270 F.2d 185, 192 (1st Cir. 1959); Smolowe v. Delendo Corp., 136 F.2d 231, 241 (2d Cir.), cert. denied, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446 (1943); Murphy v. North American Light & Power Co., 33 F.Supp. 567, 571 (S.D.N.Y.1940). Such generosity, however, must be reasonable. In determining reasonableness, the following factors have been considered: (1) the amount recovered for the corporation; (2) the time fairly required to be spent on the case; (3) the skill with which the services were performed; (4) the novelty and complexity of the issues; (5) the standing of the attorneys; and (6) the contingent nature of the fee. See Newmark v. RKO General, Inc., 332 F.Supp. 161, 163–164 (S.D.N.Y.1971); 3B Moore's Federal Practice ¶23.1.25.

The amount of the recovery is the primary factor in fixing the fee. Newmark v. RKO General, Inc., *supra*, 332 F.Supp. at 164; Derdiarian v. Futterman Corp., 254 F.Supp. 617, 620 (S. D.N.Y.1966). The courts have frequently determined the attorneys' fee as a per-

centage of the recovery. *See* G. Hornstein, "Legal Therapeutics: The 'Salvage' Factor in Counsel Fee Awards", 69 Harv.L.Rev. 658 (1956). On this basis, plaintiffs' attorneys have asked for a fee representing 25 percent of the recovery. Plaintiffs' attorneys have cited numerous cases fixing a counsel fee of 20 to 30 percent of the recovery in shareholders' actions but none of these involve a recovery of the magnitude involved in this case. Where the recovery is large, such a percentage "would compensate counsel to a degree far in excess of what the circumstances warrant." 3B Moore's Federal Practice, ¶23.1.25; *see also*, Newmark v. RKO General, Inc., *supra*, 332 F.Supp. at 163, citing Winkelman v. General Motors Corp., 48 F. Supp. 504 (S.D.N.Y.1942), aff'd sub nom. Singer v. General Motors Corp., 136 F.2d 905 (2d Cir. 1943).

The Court recognizes that the Pomerantz firm is most able and has an excellent reputation in this area of the law. They exhibited their skill in presenting this case. However, much of their effort related to the claim that the proxy statement was misleading. On this issue, Judge McLean stated:

"As to the plaintiff's attack upon the proxy statement, the court believes that defendants have the better of the argument. It is unnecessary to relate all the details of the testimony or to make formal findings of fact as one would do after a trial. For present purposes, it is sufficient to state the court's conclusion that the proxy statement was not false and misleading in any material respect."

CCH Fed.Sec.L.Rep. [1971–72 Transfer Binder] ¶93,316 at p. 91, 720 (S.D.N.Y. Dec. 29, 1971).

The Court of Appeals indicated its concurrence, 464 F.2d 689, cert. denied sub nom. Benson v. Newman, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972).

While counsels' efforts on this portion of their case are not to be disregarded, the fact that the plaintiffs would not have been successful on this issue should not be overlooked in determining a reasonable fee.

Although the issues involved in this litigation were complex and attempted to establish a new legal principle in the face of adverse precedents, it should be pointed out that the same legal issues were involved in Rosenfeld v. Black, 445 F.2d 1337 (2d Cir. 1971), in which Pomerantz also served as counsel. Much of the legal effort involved in the instant case parallels that which was fully compensated in *Rosenfeld* and should not be rewarded twice.

Pomerantz has submitted a detailed estimate of the time spent in prosecuting this action. It totalled 3,870 hours of which 2,600 hours were partner time and 1,270, associate time. The Court does not view these figures as unreasonable. The other attorneys also spent considerable time on this case although they do not provide any figures.

In light of the foregoing factors, the Court awards counsel for plaintiffs the sum of $750,000 which the Court considers a reasonable attorneys' fee, inclusive of their disbursements.

Counsel for objector have applied for attorneys' fee to be set by the Court. The application is for compensation for their services in unsuccessfully objecting to the settlement at the hearing held before Judge McLean on September 28, 1971, and on an appeal which resulted in the affirmance of the order approving the settlement, 464 F.2d 689 (2d Cir. 1972), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039, 93 S. Ct. 521, 34 L.Ed.2d 488 (1972). As the applicants recognize, counsel fees for an objector's counsel when the objections are overruled are granted only in excep-

tional circumstances. Even if the cases cited by objector's counsel were the law in this Circuit, which the Court need not decide, they would not lead to an award in this case because it is the considered judgment of the Court that the circumstances here do not warrant exceptional treatment.

The attorneys' contention that they contributed to a more thorough perusal of the proposed settlement by the Court appears to be without merit. Judge McLean, a most dedicated and conscientious Judge with substantial expertise in this area, approved the settlement after trial. There is no indication that he would have given the proposed settlement less thorough and thoughtful attention in the absence of objections.

■ The Court recognizes that the benefit conferred on a corporation in a shareholders' derivative action which may mandate that it pay a counsel fee can be intangible. However, the Court fails to see that the Fund gained even an intangible benefit from the activities of the objector. There is no substantial basis for the contention that the appeal restored public confidence in the Fund, as no crisis of confidence has been shown to have existed. Nor has the objector conferred a benefit by vindicating a corporate right.

Furthermore, to the extent that the Court of Appeals believed that the objectors "performed a useful service in bringing this matter before [that Court]," 464 F.2d 689 at 698, it could have provided for counsel fees. Instead, the Court of Appeals apparently was of the opinion that not taxing costs to the losing objectors was sufficient.

The application for counsel fees by plaintiffs' attorneys is granted in the amount of $750,000. The application for counsel fees by objector's attorneys is denied.

Settle order on notice.