John F. WHITTEMORE, a stockholder of Sunray DX Oil Company, a Delaware corporation, suing derivatively in the name of and on behalf of Sunray DX Oil Company, and on behalf of himself and other stockholders similarly situated, Plaintiff,

v.

SUN OIL COMPANY et al., Defendants.

No. 68 Civ. 1228.

United States District Court,
S. D. New York.

Feb. 28, 1973.

Stull & Stull, New York City, for plaintiff; Robert A. Stull, Richard J. Stull, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendant Sun Oil Co. and independent defendant; Philip C. Potter, Jr., Alfred E. Schretter, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for defendant Eastman Dillon Un-ion Securities; Louis A. Mangone, New York City, of counsel.

Irwin Waldman, New York City, pro se objector.

ROBERT J. WARD, District Judge.

These are applications for attorneys' fees by counsel for plaintiff and by objector, Irwin Waldman, in a stockholders' derivative action settled with the approval of the Court (McLean, J.) on June 19, 1972. For the reasons hereinafter stated, the application of plaintiff's attorneys is granted in the amount of $80,000 and the application of objector Waldman is denied.

This derivative action was commenced in March, 1968, on behalf of Sunray DX Oil Company ("Sunray") against Sun Oil Company ("Sun"), certain officers and directors of Sunray and Sun, and Eastman Dillon, Union Securities & Company ("Eastman Dillon"). The amended complaint alleged that defendants violated Sections 10(b) 5 and 14(a) of the Securities Exchange Act of 1934 primarily by reason of a false and misleading Sunray proxy statement which failed adequately to describe the development of a Canadian subsidiary of Sun.

On October 25, 1968, Sunray merged into Sun. Pursuant to the merger, each share of Sunray common stock outstanding was converted into one share of new Sun $2.25 cumulative preferred stock. After extensive pre-trial activity, the parties entered into a "stipulation and agreement of compromise" on April 11, 1972. Because Sunray no longer existed and it was not practical to undo the merger, the "settlement treat(ed) the preferred stockholders of Sun as standing in the place of Sunray to receive the benefit of the settlement." Whittemore v. Sun Oil, 68 Civ. 1228 (S.D.N.Y. June 19, 1972). The benefit conferred on the preferred stockholders consisted of an agreement by Sun not to exercise its right to redeem the preferred stock from June 1, 1975 (when it would have

had the right under its certificate of incorporation), until February 1, 1977. Thus, the settlement made it possible for the preferred stockholders to receive dividends and enjoy conversion rights for an extended period.

Although the late Judge McLean characterized the benefit to preferred stockholders as a "modest one", he approved the settlement over the protestations of objector Waldman, concluding that the probability of plaintiff's success was slight. Judge McLean deferred consideration of attorneys' fees.

The settlement stipulation provided that plaintiff's attorneys would apply to the Court for counsel fees in the sum of $130,000, of which defendant Sun agreed to pay $\frac{12}{13}$, and defendant Eastman Dillon $\frac{1}{13}$. Plaintiff's counsel have agreed with accountants, hired by them to examine the pertinent proxy material, to share in any award of fees, with the accountants receiving 20% of the award. The objector to the settlement now objects to the application for attorneys' fees by counsel for plaintiff. He contends that no substantial benefit has been conferred on defendant Sun, that the alleged benefit to the preferred stockholders of Sun is "nothing more than a mirage," and that the agreement with the accountants to share in the award is improper.

■■ In determining reasonable counsel fees in derivative actions several factors should be considered. Substantial benefit to the corporation through the attorneys' efforts must be shown. Schectman v. Wolfson, 244 F.2d 537, 540 (2d Cir. 1957). Nevertheless, the benefit need not be monetary in nature, and a fund need not be provided. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 392–396, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). In addition, the contingent nature of the fee should be considered. Perlman v. Feldman, 160 F.Supp. 310 (D.Conn.1958); G. Hornstein, "Legal Therapeutics: The 'Salvage' Factor in Counsel Fee Awards", 69 Harv.L.Rev. 658, 669 (1956). Furthermore, it is not always necessary that a suit be brought to successful completion in order to recover counsel fees. Schectman v. Wolfson, *supra*. Finally, the Court should also consider the hours reasonably expended by counsel, the complexity of the legal issues, and the skill of the attorneys. Newmark v. RKO General, Inc., 332 F.Supp. 161 (S.D.N.Y.1971).

■■ The prolonged right to receive dividends and enjoy conversion rights is a benefit to the preferred stockholders of Sun who are standing in the place of Sunray. Nevertheless, this Court agrees with Judge McLean that the benefit conferred on these preferred stockholders is "modest". The award of reasonable counsel fees should reflect this modest benefit. Plaintiff's attorneys have indicated that they have spent 1347 hours in litigating this case and have made disbursements totalling $3,044.96. The accountants' time records totalled 542 hours and their expenses were $260.00. Balancing all of the above considerations, this Court has determined that $80,000 inclusive of disbursements is a fair and reasonable counsel fee. In addition, the Court finds nothing improper in the agreement between plaintiff's attorneys and accountants to share in the award. See, Spillane v. Conway, 68 Civ. 1341 (S.D.N.Y. July 7, 1972).

As noted above, the settlement stipulation provides that $\frac{12}{13}$ of the fees awarded to plaintiff's counsel are to be paid by defendant Sun, and $\frac{1}{13}$ are to be paid by defendant Eastman Dillon. The objector contends that Sun should not pay any counsel fees because it was not benefitted by the settlement. However, Sun must pay these fees because it is an alleged wrongdoer and has agreed to pay them in settlement, not on the basis of benefit conferred upon it by plaintiff's counsel.

The objector, a lawyer appearing *pro se*, has also submitted an application for counsel fees in the amount of $20,000. He states that he has spent 76 hours of recorded time and an estimated 20 addi-

tional hours of unrecorded time in objecting to the settlement and plaintiff's attorneys' application for fees. The objector has not demonstrated any benefit to anyone through his efforts.

Generally, when a settlement is approved the objector's counsel takes nothing, except, possibly, where he has rendered services valuable to the Court in reaching a decision on the merits of the proposed compromise. Pergament v. Frazer, 132 F.Supp. 323 (E.D.Mich. 1954), modified and aff'd, 224 F.2d 80 (6th Cir. 1955). The objector has not demonstrated that he contributed anything to Judge McLean's understanding of the facts and issues. For these reasons, the Court denies objector's application for counsel fees.

The application for counsel fees by plaintiff's attorneys is granted in the amount of $80,000. The application for counsel fees by the objector is denied.

Settle order on notice.