**Vera G. WHITE et al., Consolidated Plaintiffs,**

v.

**Joseph AUERBACH et al., Defendants.**

**No. 67 Civ. 99.**

United States District Court, S. D. New York.

Aug. 21, 1973.

Leonard I. Schreiber, and Weinstein & Levinson, New York City, Joint Coordinating Counsel for plaintiffs; Frank Weinstein, Charles Trynin, New York City, of counsel.

White & Case, New York City, for Gerald Tsai, Joseph Auerbach, Irwin Lainoff, Theodore Zimmerman, Robert Campbell, Jr., Richard J. Wasilewski, Lucy M. Peirce, and Robert C. Edwards; Paul J. Bschorr, New York City, of counsel.

Shearman & Sterling, New York City, for defendants Tsai Management & Research Corp. and CNA Financial Corp.; Joseph T. McLaughlin, New York City, of counsel.

Whitman & Ransom, New York City, for Manhattan Fund; Paul M. O'Connor, Jr., New York City, of counsel.

Leon Axelrod, New York City, for objectors Mortimer G. and Elsie Levine;

Mortimer Shapiro, New York City, of counsel.

Julien, Glaser, Blitz & Schlesinger, New York City, for objectors Schainwald and Julien; Jesse Epstein, New York City, of counsel.

Abraham M. Markowitz, for plaintiff Simon Kaminsky.

Schoengold & Sporn, New York City, for objector Kornreich; Samuel P. Sporn, New York City, of counsel.

ROBERT J. WARD, District Judge.

These are applications for attorneys' fees by counsel for plaintiffs and objectors Mortimer G. Levine, Elsie J. Levine, Sidney Shainwald, Stephen Julien and Barbara Kornreich in this consolidated stockholders' derivative action, the settlement of which was approved by order dated December 18, 1972. The order of December 18 was settled pursuant to an opinion dated September 18, 1972 in which the late Judge McLean found the settlement to be fair, reasonable and adequate. For the reasons hereinafter discussed, the application of plaintiffs' attorneys is granted in the amount of $300,000 and the applications of objectors' counsel are denied.

The facts involved in this litigation are summarized briefly here. An extensive review of these events is set forth in the late Judge McLean's opinion approving the settlement.

This consolidated action was brought on behalf of the Manhattan Fund, Inc. ("the Fund"), against its investment adviser, Tsai Management & Research Corporation ("TMR"), TMR's parent corporation, CNA Financial Corporation, and certain officers, directors and shareholders of TMR. The plaintiffs alleged inter alia that a merger agreement between TMR and CNA was in reality a sale of fiduciary office. After four years of pre-trial proceedings, a hearing on a proposed settlement was held before Judge McLean on March 19, 1971. Before a decision was rendered, the Court of Appeals decided Rosenfeld v. Black,

445 F.2d 1337 (2d Cir. 1971). This decision added considerable force to the claim of unlawful sale of fiduciary office and resulted in a more beneficial offer of settlement from defendants. As noted above, this settlement was approved by Judge McLean on September 18, 1972.

Frank Weinstein and Leonard Schreiber, joint coordinating counsel for plaintiffs, Charles Trynin, Ira J. Sands and Abraham Markowitz, attorneys for plaintiffs, and David Berdon & Co., accountants for plaintiffs, have filed a joint application for an award of fees and disbursements in the amount of $400,000, 75% to be paid by the Fund and 25% to be paid by TMR and Gerald Tsai, Jr.

In previous opinions this Court has listed the factors which determine reasonableness in the award of attorneys fees. See Newman v. Stein, 58 F.R.D. 540 (S.D.N.Y.1973); Whittemore v. Sun Oil Co., 58 F.R.D. 624 (S.D.N.Y.1973). These factors include the amount recovered, the time fairly spent, the novelty and complexity of the issues and the contingent nature of the fee.

As noted in the above opinions, attorneys' fees in stockholders' derivative actions are often awarded on the basis of a percentage of the recovery. Here, the recovery is substantial. Certain defendants will pay to the Fund shares of CNA valued at $1,000,000. In addition, TMR has guaranteed a reduction of the management fee of no less than $250,000, which reduction could, based upon an agreed formula, reach $1,000,000 within ten years. Also, defendants have waived all claims for indemnification from the Fund for their expenses and legal fees in connection with this action. Finally, other benefits of indeterminate value have been conferred on the Fund. For example, TMR will transfer to the Fund all its right, title and interest in the name "Manhattan Fund", and as noted above, TMR and Gerald Tsai, Jr. wil pay 25% of the fees awarded here.

Counsel for the Fund have indicated that an estimate of a $2,000,000 benefit to the Fund is "within the realm of reasonableness". The Court agrees that this figure is a reasonable estimate of the benefit to the Fund afforded by this settlement.

Nevertheless, the Court must also consider to what extent the $2,000,000 benefit resulted from the efforts of plaintiffs' counsel. The conclusion is inescapable that the improved settlement terms were largely due to the decision in Rosenfeld v. Black, *supra.* Plaintiffs' counsel concede, as they must, that prior to that decision they gave unqualified support to the original settlement. Among other things, that settlement would not have provided for the $1,000,000 payment of CNA shares to the Fund. Counsel for plaintiffs did not request that a decision on the settlement be withheld until after a decision in *Rosenfeld* came down, nor did they indicate to Judge McLean that an appeal was pending before the Second Circuit in that case.

Plaintiffs' counsel have spent considerable time on this matter, both before and after the decision in Rosenfeld v. Black. This litigation has been pending for six years. Counsel have stated they have expended in excess of 4,881 hours in the investigation and prosecution of this action. Nevertheless, the benefit conferred *as related to the efforts required to achieve that benefit* is more important in determining attorneys' fees than either the number of hours spent by counsel or the benefit conferred considered separately.

In light of the foregoing, the Court considers $300,000 a fair and reasonable attorneys' fee inclusive of disbursements.

Counsel for objectors, Mortimer G. Levine, Elsie Levine, Shainwald and Julien, have filed a joint application for attorneys' fees. Counsel contend that their objections to the original settlement led to the incorporation of certain improvements in the final settlement.

Specifically, counsel assert that they claimed that in the original settlement the reduction in the management fee was illusory and that certain "blue sky" payments would be a credit against promised management fee reductions. Counsel argue that changes in the final settlement eliminating these weaknesses were made because of their insistence. In addition, counsel contend that Judge McLean was impressed with these arguments, causing him to delay rendering his decision. Had it not been for this delay, they reason, the settlement would have been approved prior to the decision in Rosenfeld v. Black.

Due to the untimely passing of Judge McLean, who presided over all of the settlement proceedings, the Court is confronted with a difficult task. The Court must determine the extent, if any, the objectors contributed to the settlement approved by Judge McLean. This, in some measure, is dependent on the influence the objectors' arguments had on Judge McLean. The extent of this influence is simply not clear. It is noteworthy, however, that nowhere in the record did Judge McLean indicate a belief that any objector benefitted this settlement.

At oral argument, counsel for certain defendants indicated that Judge McLean insisted that the final settlement include a guaranteed fee reduction, and that he was aware of this problem from prior similar litigation. I have had occasion previously to note the expertise, dedication and conscientiousness of Judge McLean. After examining the substantial record in these proceedings, I am constrained to agree that the guarantee was primarily a contribution of Judge McLean, and, to a lesser extent, the improved bargaining position of plaintiffs after the decision in Rosenfeld v. Black.

Judge McLean clearly indicated that the objectors made no contribution which benefitted the settlement on the

"blue sky" payments issue. In his opinion approving the settlement, he stated at pages 17 and 18:

"The objecting stockholders contend that this reduction is 'illusory' because blue sky laws in certain states, notably California, have required TMR to reimburse the Fund in substantial amounts because expenses exceeded the permissible percentage of the Fund's net asset value. . . . I see nothing in the proposed settlement agreement to the effect that any payment required by state blue sky laws is to be offset against the reduction in the management fee which TMR agrees to grant to the Fund. Under the settlement agreement, TMR will be obligated to reduce the management fee in the specified amount. If it is also obligated by reason of state blue sky laws to pay moneys to the Fund, this latter payment will be in addition to, and not in substitution for, the former." White v. Auerbach, 67 Civ. 99 (S.D.N.Y. Sept. 18, 1972).

Finally, these objectors concede that they also failed to ask Judge McLean to delay rendering his opinion until the Court of Appeals decided Rosenfeld v. Black. Moreover, the objectors are not entitled to the inference from the length of time that the first settlement application remained *sub judice*, that Judge McLean's decision was "delayed" because of their efforts. There is no indication that Judge McLean would have given less attention to this settlement in the absence of these objections. Undue speculation as to the reasons for the specific amount of time the settlement was *sub judice* is certainly not profitable nor necessary. Thus, these objectors cannot claim that their efforts produced the improved bargaining position which resulted from Rosenfeld v. Black.

Counsel for objector Barbara Kornreich have also requested counsel fees. Counsel urge that they were responsible for bringing to light the "illusory" fee reduction in the first settlement agreement. This contention has been discussed in relation to the other objectors' counsels' claims and that reasoning applies here as well.

Accordingly, having shown no substantial benefit to the Fund, all of the objectors' applications for counsel fees are denied.

Plaintiffs' counsels' application is granted in the amount of $300,000.

Settle order on notice.